**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3867
_____

DORIS J. HARMAN; JAMES D. HARMAN;
CITIZENS WATER COMPANY OF SPRING GLEN,

Appellants

v.

PAUL J. DATTE; HEGINS HUBLEY AUTHORITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 09-cv-02398)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 13, 2011

Before:  RENDELL, CHAGARES and ALDISERT, Circuit Judges

(Opinion filed:  May 17, 2011)

_____

OPINION
_____

PER CURIAM

        Doris and James Harman, proceeding pro se, appeal an order of the United States

District Court for the Middle District of Pennsylvania granting motions to dismiss their

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, we will affirm the judgment of the District Court.[1]

In their complaint, the Harmans alleged that that the Hegins Hubley Authority, a public water company, and its attorney, Paul Datte, disconnected the main water line between Citizens Water Company and the village of Spring Glen, Pennsylvania, requiring the Harmans to supply water from an alternate source to a property they owned and rented to two families. The Harmans claimed the Authority and Datte breached a verbal agreement not to cut Citizen Water Company's lines and stated that the lack of water supply resulted in a loss of rental income and other expenses.

The Harmans further alleged that the Authority and Datte filed a lien against their property in connection with unpaid water and sewer bills. The Harmans averred that they did not use any water and that the lien resulted in their property being sold at a sheriff's sale. The Harmans further alleged that the Authority and Datte discriminated against them because, while others also received "bogus bills," only their property was sold at a sheriff's sale. Finally, the Harmans averred that the Authority and Datte have used the United States mail to defraud them out of the right to defend themselves in a legal action by sending documents to a false address.

---

[1]Mr. Harman also filed an appeal on behalf of Citizens Water Company. Mr. Harman, however, is not an attorney and may not represent this entity. Simbraw, Inc. v. United States, 367 F.2d 373 (3d Cir. 1966) (per curiam). The Court previously directed that an attorney enter an appearance on behalf of Citizens Water Company or the appeal would be dismissed as to this party. As no attorney has entered an appearance, Citizens Water Company is dismissed as a party to this appeal.

Although their legal claims are not entirely clear, the Harmans cited several statutes in their complaint, including 28 U.S.C. § 1361, 18 U.S.C. § 1341, and 18 U.S.C. § 1968. They also mentioned the Fourteenth Amendment. As relief, the Harmans sought $2,000,000 plus punitive damages.

The Authority and Datte filed motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Magistrate Judge recommended that the District Court grant the motions. The Magistrate Judge explained that, to the extent Harman sought mandamus relief pursuant to 28 U.S.C. § 1361, the District Court lacks authority to issue such relief against the defendants, who are not United States employees or officials. The Magistrate Judge further concluded that Harman has no private right of action for mail fraud under 18 U.S.C. § 1341 and, to the extent Harman claimed a violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), only the Attorney General can pursue the remedies set forth in 18 U.S.C. § 1968. The Magistrate Judge further found that the Harmans had not properly pleaded a cause of action under any other provision of RICO. The Magistrate Judge also concluded that the Harmans failed to state an equal protection claim, a breach of contract claim, a due process claim based on the alleged denial of water, or a claim based on the alleged fraudulent lien.

The Harmans filed objections to the report, which did not contest the Magistrate Judge's legal conclusions but raised procedural and discovery issues. The District Court concluded that the objections lacked merit. The District Court also reviewed the Magistrate Judge's recommendations for clear error and adopted, as modified, the

Magistrate Judge's report and recommendation to grant the motions to dismiss. This appeal followed.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our standard of review of the order granting the motions to dismiss is plenary. Great Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010). We review discovery matters for abuse of discretion. Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999).[3]

The Harmans argue on appeal that the District Court erred by failing to issue a writ of mandamus "at least ordering an investigation into the proven violations[.]" Appellant's Br. At 6. We disagree. The District Court properly concluded that such a remedy was not available because, to the extent they sought mandamus relief in their complaint, 28 U.S.C. § 1361 only affords a remedy against persons who are employees or officers of the United States and neither of the defendants fall in these categories. Stafford v. Briggs, 444 U.S. 527, 535-36 (1980).

The Harmans further argue that the District Court failed to entertain their amended complaint, which added Erik Helbing as a defendant. The District Court explained that

---

[2]The District Court agreed with the Magistrate Judge's recommendations to dismiss the Harmans' claims but concluded that their equal protection claim should be dismissed on different grounds than those advanced by the Magistrate Judge. The Harmans do not pursue this claim on appeal. The District Court also declined to exercise jurisdiction over the Harmans' breach of contract claim. This claim is addressed below.

[3]To the extent plain error review applies to arguments on appeal that are not raised in objections to a Magistrate Judge's report, we decline to apply such review here, where it does not appear the Harmans were warned that a failure to object would result in a forfeiture of their rights. See Leyva v. Williams, 504 F.3d 357, 364 (3d Cir. 2007).

4

the Magistrate Judge properly treated the Harmans' filing as a motion to file an amended complaint naming Helbing as defendant because the time to amend their complaint as a matter of course had expired. The District Court also agreed with the Magistrate Judge that allowing the Harmans to amend their complaint would be futile because they had made no specific allegations against Helbing. The Harmans have not shown that the District Court erred in treating their filing as a motion to amend their complaint or in denying the motion.[4]

The Harmans also contend that they were denied the ability to conduct discovery in District Court and prove their claims. As recognized by the District Court, the Magistrate Judge stayed discovery pending review of the motions to dismiss the complaint, which are decided on the pleadings. We find no abuse of discretion in this regard.

The Harmans further assert that the Authority breached a verbal contract in terminating the water supply. The District Court declined to exercise supplemental jurisdiction over a state law breach of contract claim, having dismissed the Harmans' remaining claims. The District Court did not err and properly dismissed this claim without prejudice. See 28 U.S.C. § 1367(c).

Finally, to the extent the Harmans assert in their brief that they should be able to

---

[4]In his brief in opposition to Datte's motion to dismiss, Mr. Harman stated that Helbing purchased his property at the sheriff's sale. Although the Harmans assert a conspiracy existed between Datte and Helbing, they have not stated a claim upon which relief may be granted.

pursue this appeal in the United States Court of Appeals for the Federal Circuit, they are mistaken. An appeal from a decision of the district court shall be taken to the court of appeals for the circuit embracing the district. 28 U.S.C. § 1294. The Harmans have not shown that their appeal falls within the exclusive jurisdiction of the United States Court of Appeals for the Federal Circuit, as set forth by statute. See 28 U.S.C. § 1291.

Accordingly, we will affirm the judgment of the District Court.[5]

---

[5]Appellees' motion to dismiss this appeal for failure to file a brief is denied as moot.